UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES R. TAYLOR,

     Plaintiff,

v.                                   Case No.: 8:12-CV-746-T-EAK-AEP

TAYLOR MADE PLASTICS, INC.,

     Defendant.

_____/

### ORDER

This cause is before the Court on the Defendant Taylor Made Plastic, Inc.'s Motion to

Dismiss Complaint for Patent Infringement and Incorporated Memorandum of Law, Dkt. 23, and

response thereto. Dkt. 27. Taylor Made Inc. ("Taylor Made" or the "Defendant") submits that

James R. Taylor ("Mr. Taylor" or the "Plaintiff") does not have standing to maintain his

complaint for patent infringement (the "Complaint") because the Plaintiff's ex-wife, Mary L.

Taylor ("Ms. Taylor"), has not been made a party to this lawsuit. Because the Court concludes

that Ms. Taylor has legal title to U.S. Patent No. 5,806,566 (the "Patent") under Florida law, the

Plaintiff lacks standing to sue for infringement and the Defendant's motion is GRANTED.

*Background*

These facts are set out for the purpose of resolving this motion only. The Plaintiff and

Ms. Taylor were married on February 14, 1987. Dkt. 24-1. The Plaintiff subsequently obtained

the Patent on September 15, 1998 for a storm drainage conduit plug and sealing band. Dkt. 1.

The Plaintiff and Ms. Taylor obtained a Final Judgment of Dissolution of Marriage (a "Divorce

Settlement") from a Florida state court on March 7, 2011. Dkt. 24-1; *see also In re the Marriage of James R. Taylor and Mary Louisa Taylor, Case No. 2006-DR-10057-NC.* The Divorce Settlement subjects the Taylors' marital assets to equitable distribution, and in so doing notes that the primary assets of the marriage are three United States patents, specifically: (1) "5,224,514/July 6, 1993;" (2) "5,316,045/May 31, 1994;" and (3) "[5],806,566/September 15, 1998." (sic) Dkt. 24-1. The Divorce Settlement further specifies that the proceeds from the patents are to be divided unequally, with 60% payable to Ms. Taylor and 40% payable to the Plaintiff. Dkt. 24-1. The Divorce Settlement also appoints a Special Master "to preside over all post dissolution disputes regarding the patents." Dkt. 24-1.

The Plaintiff filed the Complaint against the Defendant on April 9, 2012. Dkt. 1. The Plaintiff alleges that the Defendant is infringing the Patent, and asks the Court for an order enjoining any future acts of infringement as well as an award of monetary damages for all past infringements. Dkt. 1. Ms. Taylor did not join the Plaintiff's infringement suit, but instead filed a Motion for Contempt and Motion for Injunctive Relief in Florida state court alleging that the Plaintiff had violated the Divorce Settlement by filing the Complaint with the Court. Dkt. 10. The Defendant filed the motion to dismiss the Complaint on October 12, 2012; arguing that the Plaintiff did not have standing because Ms. Taylor, a co-owner of the patent, had not been made a party to the infringement suit. Dkt. 23. The Plaintiff filed a response on October 29, 2012; arguing that the Divorce Settlement did not grant Ms. Taylor an ownership interest in the Patent, and that even if Ms. Taylor did have an ownership interest in the Patent she had otherwise failed to comply with the terms of the Divorce Settlement. Dkt. 27.

*Discussion*

Standing is a threshold jurisdictional issue. *Enovsys LLC v. Nextel Commc'ns, Inc.*, 614 F.3d 1333, 1341 (Fed. Cir. 2010). A party's standing to sue for patent infringement is derived from title 35 of the United States Code, "which provides that '[a] *patentee* shall have remedy by civil action for infringement of his patent.'" *Id.* (quoting 35 U.S.C. § 281 (2006)) (emphasis in original). Importantly, the term "patentee" can refer to the party to whom the original patent was issued, as well as to any successors in title to that party. *Id.* (citing 35 U.S.C. § 100 (2006)). Ultimately, while the body of law governing patent disputes is particularly federal in nature, *see, e.g.*, 35 U.S.C. § 271 (2012) (protecting patented technology and prohibiting patent infringement), the Court's inquiry into the Plaintiff's standing to sue for infringement requires a determination as to whether the Plaintiff and Ms. Taylor share legal title to the Patent – a question that must be resolved by reference to state law. *Enovsys*, 614 F.3d at 1342 (citing *Akazawa v. Link New Tech.*, 520 F.3d 1354, 1357 (Fed. Cir. 2008)).

Under Florida law, properties acquired during a marriage are presumably marital assets. Fla. Stat. § 61.075(6)(a)(1) (2012). Further, under Florida law "a patent is personal property that may be the subject of equitable distribution when the inventor and his or her spouse dissolve their marriage." *Gulbrandsen v. Gulbrandsen*, 22 So. 3d 640, 644 (Fla. Dist. Ct. App. 2009). Additionally, the Florida Supreme Court has definitively held that "a final judgment of dissolution settles all such matters as between the spouses . . . and acts as a bar to any action thereafter to determine such rights and obligations." *Davis v. Dieujuste*, 496 So. 2d 806, 809-10 (Fla. 1986). Accordingly, since the Patent was issued to the Plaintiff while he was married to Ms. Taylor, Dkt. 1, the Patent was presumably a marital asset, under Florida law, prior to the issuance of the Divorce Settlement. The Divorce Settlement merely reinforced that presumption

by subjecting the Patent to equitable distribution and awarding Ms. Taylor a 60% interest in any proceeds from the Patent. Dkt. 24-1.

The Court is obligated to give full faith and credit to the terms of the Divorce Settlement. *See Am. Steel Bldg. Co. v. Davidson & Richardson Const. Co.*, 847 F.2d 1519, 1520-21 (11th Cir. 1988) ("Under 28 U.S.C. § 1738, federal courts must give full faith and credit to the final judgments of state courts."). Since the Divorce Settlement reinforces Ms. Taylor's ownership interest in the Patent, the Complaint must be dismissed because Ms. Taylor has not been made a party to the suit. *See Enovsys*, 614 F.3d at 1341 ("When a patent is co-owned, a joint owner must join all other co-owners to establish standing." (citing *Isr. Bio–Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264–65 (Fed.Cir.2007))); *see also Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998) ("An action for infringement must join as plaintiffs all co-owners." (citing *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891))).

Dismissal is also proper based on the analytical framework provided by the Federal Circuit in *Enovsys LLC v. Nextel Communications, Inc.*, which examines "the effect of a state-court divorce decree on a patent owner's standing to sue" for infringement. 614 F.3d at 1335-36. In that case, the Federal Circuit deferred to state law to determine whether a former spouse had legal title to a patent invented by her ex-husband. *Id.* at 1342. In so doing, the Federal Circuit examined the couple's divorce settlement, which unambiguously stated that the couple had "no community assets or liabilities." *Id.* The Federal Circuit noted that notwithstanding the presumption that property acquired during the marriage was community property, the divorce settlement was entitled to *res judicata* effect under California law, as well as full faith and credit in federal court regarding the divorced couple's respective ownership interests in the patent. *Id.* at 1342-43. Since the divorce settlement expressly disclaimed the ex-wife's ownership interest in

the underlying patent, the Federal Circuit refused to dismiss the plaintiff's infringement action for lack of standing because she was not a co-owner of the underlying patent. *Id.* at 1343-44.

In the matter at hand, the Court adopts the analytical framework used by the Federal Circuit in *Enovsys*. Accordingly, the Court first looks to Florida law to determine whether Ms. Taylor has an ownership interest in the Patent, and notes that under Florida law any property acquired during a marriage is presumably a marital asset. Fla. Stat. § 61.075(6)(1)(a). Further, the Court notes that under Florida law a final judgment of dissolution of marriage can subject a patent to equitable distribution among spouses. *See, e.g.*, *Gulbrandsen*, 22 So. 3d at 644. Here, the Patent was obtained while the Plaintiff and Ms. Taylor were married, and the Divorce Settlement confirms Ms. Taylor's ownership interest in the Patent. Dkt. 24-1. Since Ms. Taylor has legal title to the Patent under Florida law, and has not been made a party to the action at hand, the Plaintiff lacks standing to sue for infringement. *See, e.g.*, *Enovsys*, 614 F.3d at 1343-44; *Ethicon*, 135 F.3d at 1467. Accordingly, it is

**ORDERED** that the Defendant Taylor Made Plastic, Inc.'s Motion to Dismiss Complaint for Patent Infringement and Incorporated Memorandum of Law is GRANTED. Plaintiff's complaint is dismissed for lack of standing, and the Clerk of Court is directed to close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 29th day of April, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record